Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_Western_ District of _OK_

_OKC_ Division

FILED

DEC 1 0 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Tristian David Bolongia

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

concentrix CVG Customer Management Group Et Al

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names.)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _CIV-25-1478-PRW_
_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_ ☑ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                Tristian David Bolongia
Street Address      1772 Olde School Pointe
City and County     Edmond, Oklahoma County
State and Zip Code   Oklahoma, 73012
Telephone Number    (405) 795-3342
E-mail Address      Tristian1989@hotmail.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — *Apple Inc.*

Job or Title *(if known)* — Joint Employer

Street Address — One Apple Park Way

City and County — Cupertino, Santa Clara County

State and Zip Code — California, 95014

Telephone Number — (408) 996-1010

E-mail Address *(if known)*

Defendant No. 2

Name — Management Group Inc.

~~Concet~~ Concentrix CVG Customer

Job or Title *(if known)* — Former Employer

Street Address — 201 East Fourth Street

City and County — ~~Cincinati~~ Cincinnati, Hamilton

State and Zip Code — Ohio, 45202

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Other federal law *(specify the federal law)*:

1602.14

☑     Relevant state law *(specify, if known)*:

Title XII 1441

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify):*  *Hostile work environment, Religion*

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
*Nov 6, 2023, Sept. 5, 2024, Sept. 30, 2024, Jan. 30, 2025*

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race            *African American / Hispanic*
- ☑ color          *Black*
- ☐ gender/sex
- ☑ religion
- ☑ national origin      *Latin American Ancestry*
- ☐ age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows.  Attach additional pages if needed.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.    **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   *05 - 09 - 2023*

B.    The Equal Employment Opportunity Commission *(check one)*:

   ☐    has not issued a Notice of Right to Sue letter.

   ☑    issued a Notice of Right to Sue letter, which I received on *(date)*                    .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐    60 days or more have elapsed.

   ☐    less than 60 days have elapsed.

V.    **Relief**

   State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

   Front pay, back pay, compensatory, and punitive damages. $20,000.00 and 10,000,000 in punitive damages. Concentrix KNew of Racial Statement made by a customer and issued a corrective action. Concentrix lied in writing to block a legal claim.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    12 - 4 - 2025

Signature of Plaintiff    *Tristian D. Bolongia*

Printed Name of Plaintiff    Tristian D. Bolongia

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print    Save As...    Add Attachment    Reset

# FAX

## 5/9/2025 3:47 PM (CDT)

SENDER

**From:** Tristian D. Bolongia
Phone: +14057953342

MESSAGE

Mrs. Investigator,

Case: 564-2025-00306

Attn: Christina Alexander

Name: CONCENTRIX CVG CUSTOMER MGMT GROUP
No. Employees, Members: 501+ Employees
Phone No.: (407) 771-8535
Mailing Address: 8000 BAYMEADOWS WAY
JACKSONVILLE, FL 32256, UNITED STATES OF AMERICA Name:
No. Employees, Members:
Phone No.: 510-770-4576
Mailing Address:

Name: Apple Inc. (Joint Employer)
No. Employees, Members: 501+
Phone No.: 408-974-4044
Mailing Address: One Apple Park Way,
Cupertino, CA 95014

---

DISCRIMINATION BASED ON:

National Origin, Race, Religion, Retaliation

---

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/09/2021
Latest: 04/17/2025
Continuing Action

---

THE PARTICULARS ARE:

I have performed my duties in a satisfactory manner to the best of my knowledge. During my employment, I have been subjected to a hostile environment based on my national origin, race, religion, and in retaliation for objecting to and reporting complaints of discrimination.

EEOC Form 6 (06/24)                                                     Page 1 of 5

EEOC No. 564-2025-00306 | FEPA No.

Around December 9, 2021, I received a call from a customer who wanted a provider with an American sounding name, in which I was asked to only refer them to "licensed" providers. I reported a concern about the discriminatory criteria, as this implied that only those with American names were actually licensed providers, but I was directed by my Operational Manager Benny to comply. When I refused, I was accused of elder abuse and called into a meeting to discuss why I didn't continue the call, which I would have been written up for had I not objected to the Title VII violation.

On or about November 6, 2023, I reported a concern about a customer saying Latin Americans are the worst, and I was written up for ending the call prematurely, which I objected to because per policy, if a customer is using profanity, an employee is directed to end the call and report the incident to their supervisor. However, I was coached that the comment wasn't racist or discriminatory; instead, Manager Carlton Quildon told me it would've been true discrimination if they had said, "Wetback" or "Spic," as if he did not realize he was using racial slurs based on my race. Only after I reported the incident to higher management was the disciplinary action removed.

Around September 11, 2024, I filed a complaint about customer surveys reported to Apple containing false statements, including unfair reviews that were not true to what actually happened and cause reputational harm. Additionally, from September 11, 2024, to October 9, 2024, I repeatedly raised concerns that Supervisors Tom Cummings and Marcia Turner, who were involved in prior retaliation, were auditing my calls. No relief was provided for my complaints.

On October 6, 2024, I notified the company of a pending legal claim, and the subsequent deletion of UCSR access was deliberate and intended to prevent me from retrieving evidence to support my complaints. Between November 5 and December 18, 2024, I requested access to my personnel file, but was informed that I already had access, as my records had been moved to Workday and Pulse, and that my "informal coaching" wasn't part of my formal records, which contradicts company policy that an employee can request access to their personnel file within 72 hours of a written request. Additionally, my Mac, which is controlled by management, was wiped and locked out multiple times between November 2024 to April 2025.

On October 10, 2024, I expressed concerns of retaliation to Tom Cummings, that since my complaint about Marcia Turner on May 23, 2024, Marcia had been involved in coaching sessions, despite previously not being present.
On October 16, 2024, I informed Justin Smith that the insubordination claim was false, and only after I complained was an email received saying the insubordination statement would be removed, but that the corrective action would remain.

On or about December 2, 2024, I received a corrective action for prematurely disconnecting a call, yet the action was not issued until a month after the incident, and after I filed complaints of disparate treatment and retaliation. Around December 9, 2024, a new corrective action was reissued, removing the false insubordination claim. However, the original document with the false accusations remained on file for nearly two months, causing reputational harm. Despite my objections, no resolution was provided.

Around December 23, 2024, I submitted an overtime request to work Sunday through Thursday between 10AM-1:59PM, but Haley Alexander told me there wasn't overtime for the days I requested. I notified Concentrix of my sincerely held religious observance of the Sabbath, but I was denied accommodation based on my religion as I am unable to obtain overtime during the weekend.

I was written up on January 21, 2025, for prematurely disconnecting a call with an abusive customer, although company policy guarantees protection against harassment. Around January 22, 2025, Dustinn Sarrocca and Obe Buareghe confirmed the practice of other employees continuing calls after issuing warnings, just as I had. On January 26, 2025, Team Lead Carissa Hutchinson told me that calls can continue if the customer's behavior subsides, which contradicts what was used against me. On January 27, 2025, Senior Quality Expert Juan Dellosa confirmed that whether to disconnect depends on management and even then, strict adherence to the article varies by team. Senior Quality Expert Elton Sizelove told me it wouldn't be a compliance issue to continue the call, but Haley Alexander insisted that any deviation from the article was a compliance issue. Also, Haley alexander changed twice the part of the policy she claimed I broke and failed to define what policy was broken in writing. I brought up the selective application of company policy against me, but no reason or resolution for the discrimination was provided.

EEOC No. 564-2025-00306 | FEPA No.

What's more, Haley Alexander ignored an email I sent on February 25, 2025, concerning the hostile work environment created by abusive customers. She also dismissed my concerns about the lack of customer account blocking, even though other types of customers, including those engaged in fraud, were subject to account restrictions.

On March 10, 2025, I called Mara Baker from Executive Relations, but the calls I initiated disconnected twice, and when I questioned why Concentrix feared me contacting the client when management refused to respond and denied the accuracy of my claims, I was informed by Justin Smith with Rhonda Dudley that we will not engage in direct conversations with you about such matters. I called Executive Escalation again on March 11, 2025, but was sent to voicemail instead of being properly engaged. On March 6 and March 13, I was instructed not to contact the client about the discriminatory and retaliatory nature of the policy. On March 16, 2025, I emailed executives regarding the coercive and retaliatory practices enforced, but despite having time to schedule meetings when I reached out to Apple, they refused to meet for an agreed-upon follow up after promising to do so.

On April 17, 2025, emails across all my inboxes were moved, and I received notifications indicating that emails were not sent because Apple's ISP block list had flagged them.

I believe I have been discriminated against based on my religion, race, national origin, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Amended:

- September 5, 2024: Phil Keays, RTA SME, made a discriminatory statement toward religious expression in a team chat. This behavior went unchecked by management, contributing to a hostile work environment.
- September 30, 2024: Tyron Gillespie reported that a customer used a racial slur targeting African Americans. Despite this, the company took no corrective action.
- October 9, 2024: after engaging in protected speech, I was written up. I received a written reprimand for exceeding training time on September 30, 2024. However, Rebecca "Becky" Holliday, a white female comparator, admitted in chat to exceeding her training time as well. She was not disciplined. Instead, I was publicly rebuked by Haley Alexander, a white female team lead, demonstrating disparate treatment.
- December 23, 2024: I formally complained to Justin Smith regarding disparate treatment concerning overtime opportunities. Despite being qualified and available, I was denied overtime on several occasions, while similarly situated employees were approved. Additionally, I was told the only available workdays were the two days I had previously requested off as a religious accommodation to observe the Sabbath.
- January 21–22, 2025: I received a corrective action for allegedly disconnecting a call prematurely on December 2, 2024. This occurred despite protections in company policy regarding handling of abusive calls.
- January 30, 2025 (approx.): I reported a customer's racist "X" (formerly Twitter) post that used the term "Executive N-word." This offensive language was directed at me on two separate occasions, yet no action was taken.
- March 6, 2025: Justin Smith emailed me, directing me not to speak to the client. This action improperly interfered with my protected activity under federal labor and discrimination laws, restricting my right to engage in protected speech.

EEOC Form 6 (06/24)                                                                 Page 3 of 5

EEOC No. 564-2025-00306 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_Tristann D. Belonger_   5-9-2025

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEP A) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary _____

Printed Name _____

EEOC Form 6 (06/24)                                     Page 4 of 5

## Short and Plain Statement of the Claims:

1. From about December 9, 2021 through at least April 17, 2025, I was employed by Defendant Concentrix CVG Customer Management Group ("Concentrix") as a remote customer service representative working from Oklahoma on the Apple contract, handling calls for Defendant Apple Inc. ("Apple"), whose relevant facilities and management were in Jacksonville, Florida (Concentrix) and Cupertino, California (Apple). Concentrix was my direct employer and controlled my pay, discipline, and day-to-day supervision; Apple jointly controlled my work through its policies, systems, metrics, and escalation channels, and both defendants jointly benefited from my labor.

2. Claim 1 – Hostile Work Environment (Race and National Origin). Beginning around December 9, 2021, and continuing through 2025, Concentrix and Apple subjected me to a hostile work environment based on my race and national origin. On or about December 9, 2021, while I was working remotely in Oklahoma on Apple calls, a customer demanded a provider with an "American-sounding" name and I was instructed by my Concentrix manager, acting under Apple's policies, to honor this discriminatory request; when I objected, I was accused of elder abuse and threatened with discipline instead of being protected. On or about November 6, 2023, and on other dates, I reported racist comments by customers about Latin Americans, but Concentrix and Apple failed to take corrective action, allowed the harassment to continue, and instead scrutinized and blamed my conduct. This ongoing pattern of tolerating and reinforcing racist and anti-immigrant

comments, while refusing to protect me from abuse on Apple calls, created a severe and pervasive hostile work environment.

3. Claim 2 – Retaliation for Protected Activity. After I opposed and reported discriminatory comments and practices, and after I notified the company on or about October 6, 2024, that I was pursuing legal claims, Concentrix and Apple retaliated against me. For example, around October 6, 2024, my access to the UCSR system and related Apple tools was altered or removed shortly after I raised legal concerns; on or about October 9, 2024 in Jacksonville, Florida records, I was issued a written reprimand for "exceeding training time" after engaging in protected activity, while a white comparator who admitted exceeding training time was not disciplined; on or about January 21–22, 2025, I received a corrective action for allegedly disconnecting a call with an abusive customer, even though policy protects employees who disconnect abusive calls; on or about March 10–16, 2025, my escalation calls and emails to Apple and Concentrix management disconnected, were ignored, or were diverted to voicemail when I tried to complain about the discriminatory and retaliatory practices. These actions were taken because I opposed discrimination, filed complaints, and engaged in protected activity, and they caused me emotional distress, reputational harm, and loss of job opportunities.

4. Claim 3 – Disparate Treatment and Selective Enforcement of Policy. Concentrix and Apple treated me less favorably than similarly situated non-Latino, white employees in discipline, overtime, and scheduling, and they selectively enforced policies against me.

On or about December 2 and December 9, 2024, in connection with events documented in Jacksonville, Florida and my remote Oklahoma workstation, Concentrix issued and reissued corrective actions accusing me of insubordination and policy violations related to call handling, even after acknowledging that part of the charge was false; the false accusations remained in my record for months and harmed my reputation. Around December 23, 2024, I requested overtime to work Sunday through Thursday so I could observe my Sabbath, but was told there was no overtime available, while similarly situated employees were given overtime on days I had specifically requested off, denying me equal terms and conditions of employment. On or about October 9, 2024, and other dates, a white comparator (Rebecca "Becky" Holliday) who admitted exceeding training time and violating expectations was not disciplined, while I was publicly rebuked and formally written up. These actions show that Concentrix and Apple applied their rules more harshly to me because of my race and national origin.

5. Claim 4 – Constructive Discharge. By at least April 17, 2025, the combined actions of Concentrix and Apple—including repeated false corrective actions, failure to protect me from racist and abusive calls, removal or manipulation of my system access, denial of equal overtime and scheduling opportunities, and continued retaliation after I reported discrimination—made my working conditions so intolerable that a reasonable person would feel forced to resign. Working remotely from Oklahoma, I could no longer safely or fairly perform my duties without facing further discrimination and retaliation tied to Concentrix's management in Jacksonville, Florida and Apple's control from Cupertino,

California. I was therefore constructively discharged and suffered lost wages, lost

benefits, and significant emotional distress as a result.

6. As a direct and proximate result of the acts and omissions of both defendants described

above, I suffered and continue to suffer economic losses (including lost wages and

benefits), emotional distress, reputational harm, and other damages, and I seek all

remedies available under Title VII, 42 U.S.C. § 1981, and other applicable laws.

*Certificate of Service*

I hereby certify that on (date) _____, I filed the attached document with

the Clerk of Court and served the attached document by (service method)

_____ on the following, who are

not registered participants of the Electronic Case Filing System: (insert names and addresses)




Signature